### RICHARD QUIDORE agt. GARRET VAN CLIEF.

An inquest taken at the New-York circuit on the "railroad calendar," so called, which is intended to contain causes that will not take over one hour to try, will be set aside, *costs to abide event*, where it is shown that the defence will take at least three hours on the trial; defendant's attorney having filed an affidavit of merits, and intending in good faith to try. (*See ante.*)

*June Term,* 1846.

MOTION by defendant to set aside inquest.

This was an action of trespass: venue laid in New-York. Issue was joined September 1st, 1845. The cause was noticed for trial at the last October, December, and March circuits respectively; and an inquest taken on the 8th of April last, in the March circuit. It appeared from defendant's papers that an affidavit of merits was filed previous to the circuit, and copy served on plaintiff's attorney. At the December circuit, plaintiff's and defendant's attorneys had a conversation, when the cause was called upon the "railroad calendar," respecting the length of time it would take to try it; and defendant's attorney stated that the defence would require the examination

of at least four witnesses, and would necessarily consume some three or four hours in the trial; and it was then agreed between the attorneys, that the cause could not be tried on that calendar, as it was only noticed for the trial of [*202] *short causes not taking over one hour in the trial; and under such understanding, the cause was called and passed at that circuit. At the March circuit the cause stood low on the calendar, and there was no probability of its being reached in its regular order during the circuit; and on Monday, the 6th of April, the circuit judge announced that, for the balance of the circuit, he would not try any cause which would occupy more than one hour. Defendant's attorney stated that he believed that the trial of the cause would occupy at least three hours; and, relying upon the understanding had with plaintiff's attorney at the December circuit, supposed the cause would not be tried at the March circuit, for the reason that it was not considered a short cause within the decision of the circuit judge. On the 8th of April the cause was called upon the "railroad calendar," and an inquest taken by plaintiff's attorney in the absence of defendant's attorney, no one appearing on the part of the defendant. On the part of plaintiff, it appeared from the affidavit of plaintiff's attorney that he never gave any consent, or entered into any arrangement with defendant's attorney, to pass the cause at the circuit at which the inquest was taken. Plaintiff required but one witness, who fully made out his case. Plaintiff's attorney never assented that this was a long cause; that he let the cause pass at the December circuit, on account of the absence of the defendant's witnesses, defendant's attorney stating that his witnesses resided at New-Utrecht, Long Island, and he could not get them ready. Plaintiff's attorney told defendant's attorney that he had only one witness to prove his case, and he should call the cause at the first opportunity thereafter. He offered defendant's attorney to reinstate the cause on payment of costs. Defendant's attorney refused to pay any more costs than what plaintiff had been put to in taking the inquest. Defendant's attorney offered to

let the costs abide the event, which plaintiff's attorney refused.

> J. EDWARDS, *defendant's counsel.*
> W. S. SEARS, *defendant's attorney.*
> W. J. HASKETT, *plaintiff's counsel and attorney.*

JEWETT, Justice. Granted the motion: costs to abide the event.